# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5304 | **DATE** | 12/14/2001 |
| **CASE TITLE** | WILLIAM UNTERSCHUETZ vs. RICHARD RICE,et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the City's motion to dismiss is granted for lack of subject matter jurisdiction. Unterschuetz's remaining claim is hereby dismissed without prejudice. He is free to refile his case in the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | | DEC 1 7 2001 | | |
| ✓ | Docketing to mail notices. | | | date docketed | | 14 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| TBK | courtroom deputy's initials | | 01 DEC 14 PM 4:08 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | | |

DOCKETED
DEC 1 7 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM UNTERSCHUETZ, | ) | |
| | ) | |
| Plaintiff, | ) | 01 C 5304 |
| | ) | |
| v. | ) | Judge Ronald Guzmán |
| | ) | |
| RICHARD RICE, COMMISSIONER OF | ) | |
| THE CITY OF CHICAGO DEPT. OF | ) | |
| WATER, INDIVIDUALLY AND | ) | |
| IN HIS OFFICIAL CAPACITY, AND | ) | |
| THE CITY OF CHICAGO, DEPT. OF | ) | |
| WATER | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Defendant's Motion to Dismiss. Plaintiff, William Unterschuetz,

originally brought this action on June 11, 2001, in a three-count complaint in the Circuit Court of

Cook County, against Richard Rice, the Commissioner of the City of Chicago Department of

Water individually and in his official capacity, and against the City of Chicago, Department of

Water itself, alleging wrongful discharge and deprivation of due process under the Illinois and

United States constitutions. On July 10, 2001, pursuant to title 28 U.S.C. § 1441, the

Department of Water filed removed this action to the district court because plaintiff's complaint

was based in part on a claim arising out of the United States constitution. Unterschuetz has now

voluntarily dismissed his wrongful discharge claim against Commissioner Rice and his due

process claims. With no federal claims remaining, the City now asks this court to rule on the

remaining state law claim. For the reasons set forth herein, the city's motion to dismiss is

granted, and this case is dismissed for lack of subject matter jurisdiction.



1

## FACTS

On March 15, 2000, the Department of Water placed William Unterschuetz on involuntary

administrative leave as a caulker, on charges that he continued to work for the city after he

ceased to live within its borders. On May 4, 2000, he was terminated. After appealing the

decision, with four separate hearings, he was reinstated on March 2, 2001. Three months later,

Unterschuetz commenced this action in the Circuit Court of Cook County. In Counts I and II,

Unterschuetz alleged that both Richard Rice, individually and officially in his capacity as

commissioner of the City of Chicago, Department of Water, and the City of Chicago, wrongfully

discharged him. In Count III, he alleged that Commissioner Rice and the Department of Water

violated his rights under the Due Process Clauses of the Illinois and United States Constitutions.

On July 10, 2001, pursuant to title 28 U.S.C. § 1441, the Department of Water filed removed

this action to federal court because plaintiff's complaint was based in part on alleged violations

of the Due Process clause of the Fourteenth Amendment to the United States Constitution.

Jurisdiction in this court is initially founded upon the federal Due Process claim against the City

of Chicago, Department of Water, pursuant to 28 U.S.C. 1331. Thus, the remaining state law

claims fall under supplemental jurisdiction, 28 U.S.C. 1367(a), as they form part of the same

case or controversy.

## DISCUSSION

The Court may dismiss a complaint for failure to state a claim upon which relief may be

granted only if it appears that the plaintiffs can prove no set of facts entitling them to relief.

*Hishon v. King & Spaldinng,* 467 U.S. 69, 73 (1984); *Conley v. Gibson,* 335 U.S. 41, 45-46

(1957). The Court must accept all pleaded allegations of the complaint as true, and must view

those allegations in the light most favorable to the plaintiffs. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, once all federal claims have been dismissed, the District court may decline to extend jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court's decision as to whether to exercise supplemental jurisdiction should be based on the course that "best serves the principles of economy, convenience, fairness, and comity which underlie the pendant jurisdiction doctrine." *Chicago v. International College of Surgeons*, 522 U.S. 156, (1997).

With the federal due process claim dismissed the issue becomes whether or not this Court should exercise its discretionary power and exercise jurisdiction over the remaining state law claim. The City asks us to render judgment, maintaining that Unterschuetz's claim is barred either because he has failed to properly allege breach of contract in his pleadings pursuant to the section 5/2-615 of the Illinois Code of Civil Procedure, or alternatively because his action is barred by the Illinois Tort Immunity Act's one-year statute of limitations. Initially we note that the City's first contention is regarding a matter of Illinois Civil Procedure, which governs court procedure in Illinois state courts alone and is inapplicable in a district court. The Rules of Decision Act requires a district court to apply the law of the several states, except where the Constitution or other acts of Congress require otherwise. 28 U.S.C. §1652 (2000). *See also Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, since the Federal Rules of Civil Procedure are enacted pursuant to that statute, they take precedent when applicable. Rule 8 requires a plaintiff only to set forth a short and plain statement of facts upon which a claim may be based, unless it is a special matter like those enumerated in Rule 9. Moreover, leave to amend is to be freely granted under Rule 15, thus reinforcing the general notion of a liberal pleading scheme.

With regards to the City's second contention, that Unterschuetz's claim is barred by the

Illinois Tort Immunity Act's one-year statute of limitations, the analysis is different. The City

maintains that the current action, whether in tort of for breach of contract, is clearly barred and

thus we should dismiss this action with prejudice. In their argument the city concedes that when

all federal claims have been disposed of, a district court may remand the remaining state claims

for further proceedings. 28 U.S.C. § 1367(c)(3). Yet, they maintain, where state law is clearly

established, a district court should nevertheless rule on those claims in the interests of judicial

economy, convenience, fairness, and comity.

The supplemental jurisdiction statute codified judge-made principles of pendent jurisdiction.

*See Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993). Pendent

jurisdiction is a doctrine of discretion. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726

(1966). While there are "unusual cases in which the balance of factors to be considered under

the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness and comity--

will point to federal decision of the state-law claims on the merits," the district judge is given

broad power in determining whether such circumstances apply and, thus, whether it is

appropriate to retain jurisdiction over the state law claims. *Kennedy v. Schoenberg, Fisher &*

*Newman, Ltd.,* 140 F.3d 716, 727-28 (7th Cir.1998). In fact, the district court's discretion to

relinquish supplemental jurisdiction is "almost unreviewable," especially when all federal claims

have been dropped from the case before trial and only state law claims remain. *Kennedy,* 140

F.3d at 728. (quoting *Huffman v. Hains,* 865 F.2d 920, 923 (7th Cir. 1989)). At that point, the

state's interest in applying its own law along with its greater expertise weighs heavily in favor of

relinquishing state law claims. *Id.*

4

Generally speaking, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits. *United Mine Workers,* 383 U.S. at 726 (1966). In fact, "it is the well- established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir.1999); *see also Timm v. Mead Corp.,* 32 F.3d 273, 277, n.2 (7th Cir. 1994). (holding that dismissal of federal claims at the pleading stage usually counsels in favor of relinquishing state claims, for at that point judicial resources have not been too heavily taxed); *see also Wright v. Associated Ins. Companies, Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994).

However, there is a "no brainer" exception to this rule, which states that if an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal court should retain and decide it "rather than burdening the state courts with a frivolous case." *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997); *See also Brazinski,* 6 F.3d at 1182 (holding that retention of a state law claim is appropriate when the correct disposition of the claim is "so clear as a matter of law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law...").

In the present case, the City alleges that the Illinois law is so clearly established—the Tort Immunity Act's one-year of statute of limitations applies to *any* civil action and not just those in tort. 745 ILL. COMP. STAT. 10/8-101. It then conclusively states that judicial economy, convenience, fairness, and comity would be served by our retention of this claim, basing their entire argument on the straightforward nature of Illinois law on this point. If this were the case, there would be no difficulty rendering judgment on the state claim because the law would be

5

straightforward and clear. Unterschuetz's claim would be plainly barred, and in the interests of judicial economy, this litigation should end there.

The City's contentions, however, seem to overlook two important things. First, the Tort Immunity Act states in section 2-101(a) that "nothing in this Act affects the liability, if any, of a local public entity or public employee based on ...Contract." 745 ILL. COMP. STAT. 10/2-101. Second, there is the Illinois Appellate Court's decision in *Dewitt v. McHenry County*, 691 N.E.2d 388 (Ill. App. Ct. 1998), rejecting the defendant's contention that the Illinois Tort Immunity Act's one-year statute of limitations, section 8-101, applies to an action for breach of contract. *Dewitt*, 691 N.E.2d at 391-92. The *Dewitt* court found that nothing in the history or structure of the Act indicated that the Illinois Legislature was concerned with allowing a governmental entity to limit its liability for breaching a contract, and thus it was unwilling to apply section 8-101. *Id. at 392.* Thus, we do not see how this case can fall into the "no brainer" exception. Rather, in the interests of comity, the Illinois state courts seem to be the appropriate venue to resolve this dispute.

Further, there have been no other "judicial resources" expended aside from the City's motion to dismiss. The action was removed to this court on July 10, 2001 and briefs relating to the motion were filed between August 8 and September 6, 2001. What's more, Unterschuetz has voluntarily dismissed two of his three claims. In this circuit, courts which have chosen to extend supplemental jurisdiction over remaining state claims have done so where the litigation had been pending for quite some time, and at least some discovery was had. *See e.g. Horowitz v. Bd. of Educ. of Avoca School District No. 37*, 260 F.3d 602, 617 (7th Cir. 2001) (holding that where litigation was over two years old, and Illinois defamation law was straightforward, district court's decision to retain state law claims was appropriate); *Timm*, 32 F.3d at 277 (holding that

6

retaining the state law claim was appropriate where litigation was over one year old and discovery had already been completed).

We do not see, and the City has failed to show, how retaining this claim will advance any of the principles behind section 1367(c). The resolution of this dispute involves deciding matters of pure state law. This case has been before the district court for less than six months. There is no evidence that exercising jurisdiction over the remaining state law claim will advance judicial economy, convenience, fairness, or comity. Therefore, this court exercises its discretion, not in exercising jurisdiction to rule on the claim, but rather in dismissing it for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss is granted for lack of subject matter jurisdiction. [Docket No. 5]. Unterschuetz's remaining claim is hereby dismissed without prejudice. He is free to refile his case in the Circuit Court of Cook County.


**IT IS SO ORDERED**                    ENTERED: 12/14/01

_Ronald A. Guzman_

**HON. RONALD A. GUZMAN**
**United States District Judge**

7